■ In the Matter of ROBERT J. TROELLER, as President of Local 891, International Union of Operating Engineers, and as Resident and Taxpayer of the City of New York, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [967 NYS2d 350]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered April 23, 2012, denying the petition brought pursuant to CPLR article 78 for an order declaring respondents' practice of assigning public work to Temco Service Industries, Inc., without satisfying competitive bidding requirements, violative of General Municipal Law § 103 and Education Law § 2556 (10), and granting respondents' cross motion to dismiss the petition, unanimously reversed, on the law, without costs, the judgment vacated, and the cross motion denied.

Petitioner established its standing by showing "injury in fact": Local 891 members at schools where custodial services are assigned to Temco without the requisite competitive bidding will suffer a loss of work and income (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 75 AD3d 412, 413 [1st Dept 2010]; *Matter of District Council No. 9, Intl. Bhd. of Painters & Allied Trades v Metropolitan Transp. Auth.*, 115 Misc 2d 810, 813 [Sup Ct, NY County 1982], *affd* 92 AD2d 791 [1st Dept 1983]). Petitioner is also within the zone of interest of the competitive bidding statutes here at issue (*see* General Municipal Law § 103; Education Law § 2556 [10]; *District Council No. 9*, 115 Misc 2d at 813).

Petitioner has also shown associational standing, since, crediting the petition's allegations, Local 891 members at schools where custodial services are assigned to Temco without the requisite competitive bidding would have individual standing to sue, Local 891 is "an appropriate representative" of its members' employment interests, and the "participation in the

proceeding of all interested individual members of [the union] is not necessary to afford complete relief" (*see Mulgrew*, 75 AD3d at 413; *Nurse Anesthetists*, 2 NY3d at 211).

We have considered respondents' contentions relating to mootness and justiciability and find them unavailing. Concur— Andrias, J.P., Saxe, Renwick, Richter and Clark, JJ.